Edward W. Lukas (SBN 155214)
HARRINGTON, FOXX, DUBROW
& CANTER, LLP
333 South Hope Street, Suite 1000
Los Angeles, California 90071
Telephone: (213) 489-3222
elukas@hfdclaw.com

Linda D. Mettes (filing for *pro hac vice*)
Amy C. Leshan (filing for *pro hac vice*)
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone:  248-358-4400
lmettes@brookskushman.com
aleshan@brookskushman.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIO PRODUCTS, INC., a California Corporation, | |
| *Plaintiff,* | Case No.  _ __ |
| v. | **COMPLAINT** |
| C S P YEMAYA INTERNATIONAL, INC., a California Corporation; and | **JURY TRIAL DEMANDED** |
| ALDEMAR RODRIGUEZ | |
| *Defendants.* | |

Plaintiff Indio Products, Inc. (hereinafter, "Plaintiff" or "Indio"), for its Complaint against Defendants C S P Yemaya International, Inc. ("CSP") and Aldemar Rodriguez, collectively hereinafter "Defendants", by and through its undersigned counsel, respectfully states as follows:

## **Nature of the Action**

1.      This is a complaint for copyright and trademark infringement against C S P Yemaya International, Inc. and Aldemar Rodriguez.

2.      Plaintiff is engaged in the business, *inter alia*, of manufacturing, selling and distributing candles in the esoteric market. As a leader in the market, Indio has protected its proprietary artwork and designs through copyright and trademark registrations.

3.      Recognizing Plaintiff's success and goodwill—and in a brazen and improper attempt to capitalize on that success—Defendants and/or its agents have distributed, offered to sell, imported, manufactured and/or sold esoteric candles and related items which prominently feature exact copies or very close copies of Plaintiff's original artwork, without authorization from Plaintiff.

4.      In addition to improperly utilizing Plaintiff's artistic designs on products, Defendants currently sell candles and related products which feature Plaintiff's proprietary names, some of which are federally registered.

5.      Defendants' conduct is causing, and unless immediately enjoined, will continue to cause irreparable harm to Plaintiff. Defendants cannot continue to exploit Plaintiff's original artistic works and trademarks in order to sell its "look alike" products to the public. Defendants' conduct should be immediately stopped and Plaintiff should be compensated for Defendants' willful acts of infringement.

## **The Parties**

6.      Plaintiff Indio is a corporation organized and existing under California law, with its principal place of business in Commerce, California. Indio manufacturers and sells, among other things, esoteric products including candles, oils, room sprays, spiritual waters, and incense.

7.     Upon information and belief, Defendant CSP is a corporation organized and existing under California law with its principal place of business at 11080 Artesia Boulevard, Ste C., Cerritos, California 90703.

8.     Upon information and belief, Defendant Aldemar Rodriguez is an individual residing in the state of California and, as sole owner of CSP, so dominates CSP, especially with respect to the infringing and willful transactions at issue, that CSP has no separate will of its own and is a mere instrumentality of Mr. Rodriguez.  Mr. Rodriguez controlled the day-to-day operations without observing corporate formalities, on information and belief, and dominates, controls and operates CSP as his agency, instrumentality and alter ego.

## **Jurisdiction and Venue**

9.     This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 501 *et seq*, and trademark infringement, as well as false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c); Unfair Competition under California *Business and Professions* Code §17200, and damages for Unfair Competition under California common law.

10.     This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

11.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 which are integrally interrelated to Plaintiff's federal claims and arise from a common nucleus of operative facts, such that the determination of the state law claims with the federal claims further judicial economy.

12.     This Court has personal jurisdiction over the Defendants because, among other reasons, Defendants reside and have done business in this District, and Defendants have committed and continue to commit acts of unfair competition and infringement in this District.

13.     Venue is proper in this District under 28 U.S.C. § 1391.

## Facts Relevant To All Counts

14.     Indio has been developing, manufacturing and/or selling religious and esoteric candles for over thirty years. During that time, Indio has made a name for itself and is a well-respected source of various candles and related items such as sachets, scented oils and room sprays. Most popular among Indio's items are its esoteric candles which are marketed largely in the United States and Mexico.

15.     Indio is a pioneer in the esoteric market.  Indio manufactures and sells candles with numerous sought-after and popular designs, as well as other related products such as spiritual water, oils, room sprays, cleaning products, and sachets. Indio has spent substantial amounts of time, money, and effort in developing, producing and marketing its products, and has spent significant time creating and protecting original artwork and designs for its products.  Indio's esoteric candles are inherently distinctive and have acquired distinctiveness through substantial sales over a decade and more.

16.     Indio owns, *inter alia*, the following copyrights, which are federally registered or have applications pending: All Purpose / Para Todo; Break Up / Separar; DUME / Black List / Lista Negra; Holy Death Image; Elegua / Esu; Ogun; Oshun / Osun; Orunla / Orunmila; Yemaya / Yemoj; and Casino / Lucky Gambler (hereinafter collectively the "Artwork").

17.     In addition to its copyrighted designs, Plaintiff has several proprietary marks for its candle products, which are federally registered or have applications pending. Plaintiff has used these marks regularly and continuously in commerce to identify its products and to associate those products with Indio and Indio's goodwill and reputation. Consumers have come to look for these marks as a hallmark of Indio quality.

18.    Indio owns, *inter alia*, the following trademarks: Break Up (U.S. Patent and Trademark Office ("USPTO") Registration No. 5615693); Oshun (USPTO Registration No. 5615697) and the holy death image (USPTO Registration No. 4342068) (collectively, the "Marks").

19.    Plaintiff is informed and believes, and on that basis alleges, that Defendants and/or their agents have been advertising, manufacturing, and selling (and/or causing to be advertised, manufactured, and sold) candles and other products featuring the Artwork and Marks, without Plaintiff's authorization, or designs identical or significantly similar to those owned by Plaintiff.

20.    Defendants do not have any license, authorization, permission or consent to use Plaintiff's Artwork or Marks.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 *et seq* and 501)

21.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

22.    Plaintiff has registered and/or applied to register with the United States Copyright Office the Artwork described above. Defendants have deliberately and intentionally copied Plaintiff's Artwork, and in doing so, have infringed Plaintiff's copyright in the Artwork in violation of the Copyright Act by selling candles and other products featuring Plaintiff's Artwork, without Plaintiff's consent.

23.    Upon information and belief, Defendants sell candles bearing designs which are the same or substantially similar to Plaintiff's designs. On many of the designs, Defendants copied the layout, arrangement and overall look of the designs, and on others, copied almost identically every aspect of each design.

24.    Defendants have infringed and continue to infringe Indio's Holy Death / Santa Muerte copyright (VA0001860122) by, *inter alia*, making, using,

importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

25.    Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing an identical design to Plaintiff's copyrighted design.

26.    Defendants have infringed and continue to infringe Indio's DUME / Black List / Lista Negra copyright (VA0001899051/1-6308412271) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

27.    Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing an identical design to Plaintiff's copyrighted design.

///

///

///

///



28.     Defendants have infringed and continue to infringe Indio's All Purpose / Para Todo copyright (VA0001923418/1-6088963511) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

29.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing an identical design to Plaintiff's copyrighted design.

30.     Defendants have infringed and continue to infringe Indio's Yemaya / Yemojya copyright (VA0002129528) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

31.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing a substantially similar design to Plaintiff's copyrighted design.

| Copyright | Indio | Defendant |
|-----------|-------|-----------|
| | | |

32.     Defendants have infringed and continue to infringe Indio's Elegua / Esu copyright (VA0002129529) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

33.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing a substantially similar design to Plaintiff's copyrighted design.

///

///

///



34.    Defendants have infringed and continue to infringe Indio's Ogun copyright (VA0002129532) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

35.    Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing a substantially similar design to Plaintiff's copyrighted design.

36.    Defendants have infringed and continue to infringe Indio's Oshun / Osun copyright (VA0002129525) by, *inter alia*, making, using, importing, offering

to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

37.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing a substantially similar design to Plaintiff's copyrighted design.

| Copyright | Indio | Defendant |
|---|---|---|

38.     Defendants have infringed and continue to infringe Indio's Orunla / Orunmila copyright (VA0002129524) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

///

///

///

///

///

///

///

COMPLAINT                                        9

39.    Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing an identical design to Plaintiff's copyrighted design.



| Copyright | Indio | Defendant |
| --- | --- | --- |

40.    Defendants have infringed and continue to infringe Indio's Break Up / Separar copyright (VA0001899063/1-6386533855) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

41.    Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendants' product bearing a substantially similar design to Plaintiff's copyrighted design.



| Copyright | Indio | Defendant |
| --- | --- | --- |

42.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

43.     Upon information and belief, Defendant has infringed and continues to infringe Indio's Casino / Lucky Gambler copyright (VA0002129385 ) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

44.     Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.



45.     On information and belief, Defendants offer for sale and/or sell replicas of other Indio designs in addition to the ones shown above and have engaged in behavior to prevent Indio from discovering additional replicas, further demonstrating Defendants' willful and knowing infringement.

46.     As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

47.   Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S. C. § 504(b). Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise as according to law.

48.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Artwork. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II
## TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114, 1125)

49.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

50.   Defendants have adopted and continue to use in commerce an image identical to or confusingly similar to Plaintiff's Marks, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's mark was intended to cause confusion, mistake and/or deception.

51.   Defendants' wrongful use of the Marks in connection with its goods comprises an infringement of Plaintiff's registered trademark and is likely to cause, and has caused confusion, mistake or deception as to the affiliation, connection or association of the goods with Plaintiff, in violation of 15 U.S.C. §1114 and/or 15 U.S.C. § 1125.

52.   Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark. The knowing and intentional

nature of the acts set forth herein renders this an exceptional cause under 15 U.S.C. §1117(a).

53.    As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.  Upon information and belief, the acts of infringement and unfair competition by Defendant harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendant warranting disgorgement of profits and compensation for corrective advertising.

54.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's mark. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT III
## UNFAIR COMPETITION & INFRINGEMENT UNDER LANHAM ACT §43 (15 U.S.C. § 1125)

55.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

56.    Since 1992, Plaintiff has regularly used the trademarks and/or trade dress in commerce, to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill and reputation.   Plaintiff's trade dress is inherently distinctive and includes the unique and non-functional use and orientation of the words and design elements shown above.  Indio's advertising and sales for more than a decade, and in some instances more than two decades, of the esoteric products at issue have furthermore developed acquired distinctiveness for

the marks and trade dress as consumers look for these marks and trade dress and associate them to Indio. The copying conducted by Defendant further demonstrates the secondary meaning associated with the candle products at issue.

57. Upon information and belief, Defendants sell candles bearing Plaintiff's protected Marks and trade dress.

58. Defendants' use of Plaintiff's marks and trade dress to promote, market or sell their goods in direct competition with Plaintiff's products constitutes unfair competition pursuant to 15 U.S.C. §1125(a). Defendants' use of the marks and trade dress is likely to cause confusion, mistake, and deception among customers. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

59. Defendants had direct and full knowledge of Plaintiff's prior use of and rights in its marks and trade dress before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §1117(a).

60. As a direct and proximate result of Defendants' acts, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial. Upon information and belief, the acts of infringement and unfair competition by Defendant harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendant

61. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

1

2

**COUNT IV**

3

**VIOLATION OF CALIFORNIA *BUSINESS & PROFESSIONS CODE***

4

**§17200**

5

62.     Plaintiff repeats and realleges, as if fully set forth herein, each and

6

every allegation contained in the paragraphs above.

7

63.     Defendants' wrongful conduct as herein alleged constitutes unfair,

8

unlawful and/or fraudulent business acts and/or practices in violation of California

9

*Business & Professions* Code §17200.

10

64.     Defendants had direct and full knowledge of Plaintiff's prior use of

11

and rights in the Artwork and Marks before the acts complained of herein.

12

65.     As a direct and proximate result of Defendants' violation of *Business*

13

*& Professions* Code §17200, Plaintiff is entitled to restitution, including

14

disgorgement of Defendants' improperly obtained profits.

15

66.     As a direct and proximate result of the acts alleged herein, Plaintiff

16

has sustained and will continue to sustain substantial, immediate and irreparable

17

injury, for which there is no adequate remedy at law. Plaintiff is informed and

18

believes and on that basis alleges that unless enjoined and restrained by this Court,

19

Defendants will continue to engage in unfair competition by infringing Plaintiff's

20

Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive

21

relief to restrain and enjoin Defendants' continuing infringing conduct.

22

23

**COUNT V**

24

**COMMON LAW TRADEMARK INFRINGEMENT**

25

**(California Common Law)**

26

67.     Plaintiff repeats and realleges, as if fully set forth herein, each and

27

every allegation contained in the paragraphs above.

28

68.     Defendants' actions and conduct constitute trademark and/or trade dress infringement in violation of California common law. Defendants have marketed, promoted, distributed, offered for sale, and sold products using marks identical or confusingly similar to Indio's marks and/or trade dress that consumers have come to associate with Indio's products. As a result of Defendants' unauthorized use of confusingly similar marks and/or trade dress, the public is likely to believe that Defendants' products have been manufactured, approved by, or affiliated with Indio.

69.     Defendants' unauthorized use of a confusingly similar trademark and/or trade dress falsely represents Defendants' products as emanating from or being authorized by Indio. Defendants' unauthorized activities undermine Indio's goodwill and negatively impact Indio's ability to develop and promote its products and to have its products associated exclusively with Indio.

70.     As a result of such infringement, Indio has suffered, and will continue to suffer, substantial damages. Further, as a result of such infringement, Defendants have made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products. Indio is entitled to recover damages, including any and all profits Defendants have made as a result of their wrongful conduct.

## COUNT VI
## UNFAIR COMPETITION
### (California Common Law)

71.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

72.     Defendants' wrongful conduct as herein alleged constitutes unfair competition under California common law.

73.     Unless enjoined, Defendants' continued wrongful conduct will cause Plaintiff irreparable injury, leaving Plaintiff with no adequate remedy at law.

74.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained and will continue to sustain damages, in an amount to be proven at trial.

75.     As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Indio Products, Inc. prays for relief against Defendants, jointly and severally, as follows:

A.     Judgment in favor of Plaintiff and against Defendants on all counts;

B.     For a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, employees, shareholders, directors, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights, trademarks and/or other exclusive rights (now in existence or hereinafter created), and (b) causing, contributing to, enabling, facilitating or participating in the infringement of any of Plaintiff's respective copyrights, trademarks and/or other exclusive rights (whether now in existence or hereafter created);

///

///

///

C.     Requiring Defendants, pursuant to the Lanham Act, to deliver to Plaintiff or destroy its entire inventory of infringing products bearing or infringing the Artwork and Marks or a confusingly similar copy thereof;

D.     An award of maximum statutory damages in the amount of $150,000 per work infringed under 17 U.S.C. § 504(c), and/or alternatively, Plaintiff's actual damages and the profits of Defendant that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b);

E.     An award of Plaintiff's damages trebled plus the costs and attorneys' fees under 17 U.S.C. §§ 505 and 1117(a);

F.     A determination that the Defendants are liable to Plaintiff for unfair competition under 15 U.S.C. § 1125(a);

G.     A determination that the Defendants are liable to Plaintiff for common law unfair competition under California common law;

H.     A determination that this case is "exceptional," under 15 U.S.C. § 1117(a);

I.      An award of damages adequate to compensate Plaintiff for the actionable conduct of the Defendants, including, subject to the principles of equity, recovery by Plaintiff of (1) Defendants' profits, (2) any damages sustained by Plaintiff including lost profits and corrective advertising, and (3) the costs and disbursements of this action;

J.      For an award of interest, including pre-judgment interest on the foregoing sums; and

///

///

///

///

///

///

K.     A grant of such other, different, and additional relief the Court may deem equitable and proper.

Dated:  February 11, 2019          **HARRINGTON, FOXX, DUBROW & CANTER, LLP**


By: /s/ Edward W. Lukas, Jr.
    EDWARD W. LUKAS, JR.
    Attorneys for Plaintiff INDIO PRODUCTS, INC.


Dated:  February 11, 2019          **BROOKS KUSHMAN P.C.**


By: /s/ Linda D. Mettes
    LINDA D. METTES (*filing for pro hac vice*)
    AMY C. LESHAN (*filing for pro hac vice*)
    Attorneys for Plaintiff INDIO PRODUCTS, INC.


## Jury Demand

Pursuant to Fed. R. Civ. P. 38(B) and 5(d), Indio demands a jury trial of all issues triable by jury.

Dated:  February 11, 2019          **HARRINGTON, FOXX, DUBROW & CANTER, LLP**


By: /s/ Edward W. Lukas, Jr.
    EDWARD W. LUKAS, JR.
    Attorneys for Plaintiff INDIO PRODUCTS, INC.


Dated:  February 11, 2019          **BROOKS KUSHMAN P.C.**


By: /s/ Linda D. Mettes
    LINDA D. METTES (*filing for pro hac vice*)
    AMY C. LESHAN (*filing for pro hac vice*)
    Attorneys for Plaintiff INDIO PRODUCTS, INC.