Mark D. Nielsen, Esq., No. 210,023
   *mnielsen@cislo.com*
Daniel M. Cislo, Esq., No. 125,378
   *dan@cislo.com*
Rebecca Makitalo, Esq., No. 330, 258
   *rmakitalo@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Fax: (310) 394-4477

Attorneys for Defendant,
C S P YEMAYA INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIO PRODUCTS, INC., a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>C S P YEMAYA INTERNATIONAL, INC., a California Corporation,<br><br>    Defendant. | CASE NO. 2:19-cv-01018 VAP (AGRx)<br><br>[Hon. Virginia A. Phillips]<br><br>**DECLARATION OF MARK D. NIELSEN IN SUPPORT OF UNOPPOSED MOTION BY CISLO & THOMAS, LLP FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT**<br><br>Date: August 31, 2020<br>Time: 2:00 p.m.<br>Place: 350 W. 1st Street, Courtroom 8A |

## DECLARATION OF MARK D. NIELSEN

I, Mark D. Nielsen, declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I am a partner in the law firm of Cislo & Thomas LLP representing Defendant CSP Yemaya International, Inc. ("CSP"). I make this declaration of my own personal knowledge or on information and belief where so stated. If called as a witness, I could and would competently testify to the truth of the matters asserted herein.

2. On July 22, 2020, I contacted counsel for Indio Products, Inc. via email as to whether plaintiff would oppose a motion by Cislo & Thomas to withdraw from representation of CSP. Via email and also a telephone call on July 22, 2020, counsel for Indio Products, Inc. indicated that Indio Products, Inc. would not oppose Cislo & Thomas' motion to withdraw as long as this motion mentioned that Indio Products, Inc. would like CSP to be ordered to obtain new counsel and have such new counsel make an appearance within fourteen (14) days.

3. On February 27, 2019, CSP executed a Litigation Retainer Agreement with Cislo & Thomas LLP ("Cislo & Thomas") for the above referenced action, a true and correct copy of which is attached hereto as **Exhibit 1**.

4. Based on the execution of the Litigation Retainer Agreement, Cislo & Thomas performed legal services on CSP's behalf in the above referenced action, including filing two extensions of time to answer the complaint, filing an Answer and Counterclaims, securing dismissal of the individual defendant originally named in the Complaint, participating in Rule 26(f) procedures, participating in a settlement conference in two separate sessions with Magistrate Judge Rosenberg, propounding and responding to discovery on CSP's behalf, and otherwise attempting to resolve the case.

5. On multiple occasions, including at least January 22, 2020, March 11,

2

2020, June 3, 2020, June 20, 2020, June 29, 2020, and July 9, 2020, I contacted CSP by telephone and/or email to notify CSP of its delinquent and outstanding balance with Cislo & Thomas in an attempt to have CSP bring the account up to date. Since December 10, 2019, CSP has only made one payment to Cislo & Thomas of $10,000 on or about February 4, 2020, and this was insufficient to cover CSP's then-existing balance with our firm.

6. At this time, CSP's outstanding debt to Cislo & Thomas is approximately $30,000.00, which has only increased about $2,500.00 since CSP's last payment was made in early February of 2020.

7. On or about April 3, 2020, and again on or about April 15, 2020, in an attempt to address CSP's outstanding balance, I offered to CSP a significant discount to CSP's delinquent and outstanding balance if CSP agreed to fully pay the discounted balance very shortly after those communications. CSP did not pay anything in response to either of the offers, and indicated that COVID had hit its business very hard.

8. On at least March 11, 2020, June 3, 2020, June 20, 2020, June 29, 2020, July 9, 2020, and July 20, 2020, I informed CSP in writing that Cislo & Thomas would withdraw as its attorneys absent payment of its outstanding balance. In addition, a copy of this motion was provided to CSP several days prior to this motion being filed.

9. In or about mid-January of 2020 (following previous settlement efforts with Magistrate Judge Rosenberg), it was my understanding that CSP wanted to try to settle the case as soon as possible. Without divulging details of attorney-client communications or possible settlement proposals, suffice it to say that other than my understanding that CSP desired a prompt settlement, CSP did not authorize me to make any proposal to the plaintiff, or identify a specific proposal for settlement, despite my efforts several times in the latter portion of January of 2020 and also in mid-March to elucidate a settlement proposal from CSP.

10.     By mid-March, the COVID situation manifested itself, and the parties to the case, with the Court's approval, agreed to extend the dates in the case. The stage of the case was approaching the point where the parties were hoping to take depositions, but with the uncertainty associated with COVID, the parties and the Court agreed to extend such dates.

11.     In early June of 2020, despite the fact that our firm was not being paid, and it did not appear that there was any imminent prospect that we would be paid, I offered to make an attempt to negotiate a settlement for CSP that would take into account CSP's lack of cash flow. After several unfruitful efforts to again elucidate CSP's position on possible settlement terms, on June 23, 2020, CSP authorized its outside accountant to speak on its behalf regarding efforts to attempt to settle the case. As an authorized agent of CSP, I believe my conversations with CSP's outside accountant in this regard to be protected by the attorney-client privilege.

12.     At any rate, I was able to generally communicate with CSP's outside accountant regarding potential settlement terms in late June of 2020. Following settlement discussions with the plaintiff on or about June 29, 2020, which resulted in a counter-proposal made by plaintiff, I notified CSP and its outside accountant on June 29, 2020 of the plaintiff's counterproposal, and requested a response as to specific terms in the counterproposal. I also followed up on my request for a response on at least July 2, 9, 12, 13, and 20; however, I have not received a response the counter-proposal, despite being promised one.

13.     Given the prolonged non-payment of Cislo & Thomas' outstanding balance, and CSP's more recent failure for approximately the past thirty (30) days to engage in meaningful communications with counsel concerning settlement, it does not seem possible to continue the representation of CSP in this case.

14.     I am not aware of any imminent deadlines that require immediate attorney attention, such as pending motions or outstanding discovery requests. Indio has requested the opportunity to take the deposition of the defendant, and inspect its

premises. These deadlines are not firm, and certainly, with a significant amount of time remaining during fact discovery, and the possibility of extending dates, if needed, this does not appear to be an issue.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2020 in Westlake Village, California.

                                           /s/ Mark D. Nielsen
                                           Mark D. Nielsen

\\Srv-db\tmdocs\19-38393\Nielsen Declaration in Support of Motion for Leave to Withdraw.docx

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 31, 2020, a true and correct copy of **DECLARATION OF MARK D. NIELSEN IN SUPPORT OF UNOPPOSED MOTION BY CISLO & THOMAS, LLP FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT** was served via electronic mail on counsel for the Plaintiff:

Edward W. Lukas, Jr., Esq.
HARRINGTON, FOXX, DUBROW & CANTER, LLP
333 South Hope Street, Suite 1000
Los Angeles, California 90071-1429
Telephone: (213) 489-3222
Fax: (213) 623-7929
elukas@hfdclaw.com

Linda D. Mettes, Esq.
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, Michigan 48075
Tel: (248) 358-4400
Fax: (248) 358-3351
lmettes@brookskushman.com

Anita C. Marinelli, Esq.
MILLER, CANFIELD, PADDOCK and STONE, PLC
150 W. Jefferson Ave., Suite 2500
Detroit, Michigan 48226
Tel: (313) 496-7971
Fax: (313) 496-7500
Marinelli@millercanfield.com

☒ **FEDERAL**: I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am (or am employed in the office of) a member of the Bar of this Court (at whose direction the service was made).

Executed on July 31, 2020, at Westlake Village, California.

/s/Laura Banuelos
Laura Banuelos