UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **2:19-cv-1018-VAP-AGRx** | Date August 27, 2020 |
| Title ***Indio Products, Inc. v. C S P Yemaya International, Inc.*** | |

Present: The Honorable  VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER GRANTING LEAVE TO WITHDRAW AS ATTORNEY OF RECORD (IN CHAMBERS) [DKT. 64]

Before the Court is a Motion for Leave to Withdraw as Attorney of Record for Defendant C S P Yemaya International, Inc. ("Defendant") filed by Cislo & Thomas, LLP ("Counsel"). ("Motion," Dkt. 64). The Motion is unopposed. The Court finds the Motion appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; Local R. 7-15. After consideration of the papers in support of the motion, the Court GRANTS Counsel's Motion to Withdraw.

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). " A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, 2008 WL 251935, *1 (S.D. Cal. Jan. 29, 2008) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)).

As a preliminary matter, Defendant is an incorporated entity. Under Local Rule 83-2.3.4, "[a]n attorney requesting leave to withdraw from representation of an organization of any kind (including corporations . . .) must give written notice to the organization of the consequences of its inability to appear pro se." Here, the Motion and attached

Declaration of Mark D. Nielsen ("Nielsen Decl.") indicates Counsel provided written notice to the Corporate Defendants that it may not appear pro se, and must obtain new counsel in order to proceed.  (Motion at 7; Nielsen Decl. ¶ 5, 8).  Accordingly, Counsel has fulfilled Local Rule 83-2.3.4's requirement.

      Counsel seeks to withdraw because Defendant has failed to pay Counsel's fees and costs.  California Rule of Professional Conduct 1.16(b)(5) permits an attorney to seek leave to withdraw where a "client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."  Here, Defendant has failed to pay Counsel's outstanding invoices on numerous occasions for several months.  (Neilsen Decl. ¶ 5).  ).  As discussed above, Counsel has given the client reasonable notice regarding its withdrawal.  Defendant's failure to pay Counsel's outstanding bills is a valid ground for withdrawal.  *See Locals 302 & 612 of the Int'l Union of Operating Eng'rs Construction Indus. Health & Security Fund v. Meko Construction, Inc.*, 2012 WL 3812025, at *3 (W.D. Wash. Sep. 4, 2012); *Ramirez v. Video Wave of Noe Valley*, 2012 WL 2426689, at *2 (N.D. Cal. June 26, 2012).

      Accordingly, the Court GRANTS Counsel's Motion and permits them to withdraw.

      The Court advises the Defendant that it cannot appear in federal court without the representation of an attorney.  L.R. 83-2.2.2.  Counsel shall serve this Order on Defendant and file a proof of service no later than September 2, 2020.  Should Defendant fail to submit a proper substitution of counsel, showing it has obtained counsel, within 14 days of the date of service, the Court will strike its answer to the complaint, (Dkt. 44), and order entry of Defendant's default.

**IT IS SO ORDERED.**